IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROCKY JONES, # 140813, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WILLIE THOMAS, *et al.*, )<br>)<br>Respondents. ) | Civil Action No. 1:15cv826-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Rocky Jones ("Jones") on October 21, 2015. Doc. No. 1.[1] Jones was convicted of controlled substance offenses in June 2009 following a jury trial in the Coffee County Circuit Court, for which he received a sentence of 30 years' imprisonment. In his § 2254 petition, he presents claims that (1) the trial court erred in denying his *Batson*[2] motion challenging the State's use of peremptory strikes; (2) the evidence against him was insufficient because it was based primarily on the testimony of a confidential informant; (3) the State failed to establish a chain of custody for the drug evidence; (4) the trial court failed to give jurors a limiting instruction regarding his collateral bad acts; (5) there was no probable cause for his arrest; (6) the State failed to

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

[2] *Batson v. Kentucky*, 476 U.S. 79 (1986).

prove his sale of drugs occurred within three miles of a school and a housing project for purposes of a sentence enhancement applied by the trial court; (7) he was denied his right to counsel at an initial court appearance; and (8) his trial and appellate counsel rendered ineffective assistance in various ways. Doc. No. 1 at 6 & 9–25.

In an answer filed on December 1, 2015, the respondents argue that Jones's § 2254 petition should be dismissed on the ground it was not timely filed under the one-year limitation period in 28 U.S.C. § 2244(d).[3] Doc. No. 8 at 7–11. The court agrees with the respondents and finds that Jones's petition is time-barred and should be denied without an evidentiary hearing.

## II. BACKGROUND

On June 16, 2009, a Coffee County jury found Jones guilty of unlawful distribution of a controlled substance, in violation of § 13A-12-211, Ala. Code 1975, and unlawful possession of a controlled substance, in violation of § 13A-12-212, Ala. Code 1975. On August 3, 2009, the trial court sentenced Jones, pursuant to Alabama's Habitual Felony Offender Act and enhanced by an additional five years' imprisonment under § 13A-12-250, Ala. Code 1975, and an additional five years' imprisonment under § 13A-12-270, Ala. Code 1975, to 30 years' imprisonment on the unlawful distribution charge and 15 years' imprisonment on the possession charge, to run concurrently with each other. *See* Doc. No. 7-3 at 1–2.

---

[3] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes upon "a[ny] person in custody pursuant to the judgment of a [s]tate court" a one-year limitation period for filing a petition for writ of habeas corpus. 28 U.S.C. § 2244(d). That period begins to run from one of four statutory accrual dates. § 2244(d)(1)(A)–(D).

Jones appealed, and on April 16, 2010, the Alabama Court of Criminal Appeals affirmed his convictions and sentence by memorandum opinion. Doc. No. 7-3. That court subsequently overruled Jones's application for rehearing. Doc. No. 7-4. The Alabama Supreme Court denied his petition for writ of certiorari on March 4, 2011. Doc. No. 7-5. That same date, a certificate of judgment was issued. *See* Doc. Nos. 7-5 & 7-6.

On January 21, 2012, Jones filed a *pro se* petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 7-9 at 2. The trial court denied the Rule 32 petition in an order entered on April 12, 2012, and Jones appealed. *See id*. at 3. On October 25, 2013, the Alabama Court of Criminal Appeals affirmed the trial court's judgment by memorandum opinion. *See id.* at 1. Jones applied for rehearing, which was overruled on November 22, 2013. Doc. No. 7-10. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on April 11, 2014. Doc. No. 7-11. That same date, a certificate of judgment was issued. *See* Doc. Nos. 7-11 & 7-12.

Jones filed the instant § 2254 petition on October 21, 2015.[4]

### III. DISCUSSION

**A. AEDPA's One-Year Limitation Period**

---

[4] Although Jones's petition was date-stamped as received in this court on November 3, 2015, it was signed by Jones as having been executed on October 21, 2015. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively, the date it is signed. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

3

Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). A state prisoner's conviction becomes final when the United States Supreme Court denies a petition for writ of certiorari, issues a decision on the merits, or when the 90-day period in

which to petition the Supreme Court for certiorari expires. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004). Here, Jones filed no petition for writ of certiorari with the U.S. Supreme Court during the direct-review stage of his case. Consequently, Jones's conviction became final, and the one-year limitation period in § 2244(d)(1)(A) began to run, on June 2, 2011—i.e., 90 days after March 4, 2011, the date when the Alabama Supreme Court denied his petition for writ of certiorari on direct review and a certificate of judgment was issued. *See Pugh*, 465 F.3d at 1299 (if prisoner does not petition the U.S. Supreme Court for certiorari review, his conviction "becomes final when the time for filing that petition expires").

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward AEDPA's one-year limitation period. *See, e.g., Tinker v. Moore*, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001). Jones filed a state Rule 32 petition with the trial court on January 21, 2012. *See* Doc. No. 7-9 at 2. That filing tolled AEDPA's limitation period. At that time, the limitation period had run for 233 days (from June 2, 2011, to January 21, 2012). The state-court proceedings related to Jones's Rule 32 petition concluded on April 11, 2014, when the Alabama Supreme Court denied his petition for writ of certiorari and a certificate of judgment was issued. With the conclusion of those proceedings, the federal limitation period began to run again. On April 11, 2014, Jones had 132 (i.e., 365 - 233) days remaining within which to file a timely § 2254 petition. The limitation period ran unabated for those 132 days, before expiring on August 21, 2014. Jones did not file his § 2254

petition until October 21, 2015—approximately 14 months after AEDPA's limitation period had expired.[5]

**B.   Equitable Tolling**

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Jones argues he is entitled to equitable tolling, and that the untimely filing of his § 2254 petition should be excused, because he was diagnosed with a "rare eye disease that rendered him legally blind" and required the assistance of a "prison law clerk"—a fellow inmate—to prepare and file his habeas petition. Doc. No. 1 at 23–24. Jones states he was temporarily transferred to other correctional facility before the fellow inmate could prepare and file a petition on his behalf; that he could not take his legal work with him when he

---

[5] Jones sets forth no facts or argument to establish he is entitled to use 28 U.S.C. § 2244(d)(1)(B), (C), or (D) as a triggering event for AEDPA statute of limitations purposes. Specifically, he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); or that his claims are based on a right newly recognized by the U.S. Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2244(d)(1)(C); or that the facts supporting his claims could not have been discovered earlier by exercising due diligence, *see* § 2244(d)(1)(D).

6

was transferred; that when he returned to his original facility over four months later, in December 2014, the fellow inmate had been transferred to another facility without having prepared or filed a petition for him; and that his subsequent efforts to obtain assistance from other inmates in preparing and filing a petition for him proved unsuccessful for several months, until he obtained assistance from another "prison law clerk," also an inmate, to prepare the petition he filed in October 2015. Doc. No. 1 at 23–25; Doc. No. 11 at 2–3.

As noted above, AEDPA's limitation period expired for Jones on August 21, 2014. Jones filed his § 2254 petition on October 21, 2015. Thus, Jones requires approximately 14 months of equitable tolling for his petition to be accepted as timely. Without more, Jones's assertion of legal blindness cannot justify an equitable extension of AEDPA's 12-month limitation period for an additional 14 months. The court finds no authority for the proposition that a bare allegation that a petitioner was legally blind will warrant tolling. *See Marshall v. Holt*, 2014 WL 2711942, at *5 (N.D. Ga. Jun. 13, 2014) (rejecting blindness as a basis for equitable tolling in AEDPA action); *Lamont v. Sec'y Dep't of Corr.*, 2012 WL 2527445, at *2–3, (M.D. Fla. Jun. 29, 2012) (rejecting equitable tolling argument, based in part on petitioner's "poor eyesight," because "courts have found that blindness does not warrant equitable tolling"; *Smith v. Beightler*, 49 F. App'x 579, 580 (6th Cir. 2002) (petitioner's argument that "he is entitled to equitable tolling because he is blind and must rely on others to assist him in accessing the courts . . . does not meet the standards required for invocation of equitable tolling, as it does not establish that [he] lacked knowledge of the filing requirement [or] that he was diligent in pursuing his rights");

7

*Cherry v. Dretke*, 2004 WL 2236628, at *2 (N.D. Tex. Oct. 4, 2004) ("A petitioner's illiteracy and 'legal' blindness … do not support equitable tolling."); *Santiago v. Miller*, 180 F. Supp. 2d 471, 474 (S.D.N.Y. 2001) (finding allegation of blindness insufficient to toll statute of limitations under AEDPA because the petitioner's "condition did not rise to such a level as to truly prevent him from pursuing his legal rights"); *Hall v. Romanowski*, 2014 WL 320233, at *1–2 (W.D. Mich. Jan. 29, 2014) (petitioner was not entitled to equitable tolling despite his alleged "'peripheral neuropathy,' which restricts his ability to draft pleadings or other forms of correspondence," because even if his physical impairment constituted an extraordinary circumstance, "he fail[ed] entirely to demonstrate the requisite diligence); *Torres v. Miller*, 1999 WL 714349, at *7–8 (S.D. N.Y. Jul. 8, 1999) (petitioner was not entitled to equitable tolling despite his assertion he is legally blind because he had "not presented sufficient evidence to show that he could not pursue his legal rights throughout the entire one-year [federal limitations] period on the basis of his physical and mental problems").

Accordingly, Jones has failed to show that his physical impairment rendered him unable to pursue his legal rights and thus has shown no "extraordinary circumstances" to justify equitable tolling of AEDPA's limitation period. Moreover, Jones's allegations do not establish that he was diligent in pursuing his rights, the second requirement for equitable tolling to apply.

With respect to Jones's allegation regarding the lack of assistance—or ineffective assistance—from fellow inmates acting as "prison law clerks," "[a] petitioner's reliance on the assistance and/or erroneous advice of an inmate clerk fails to establish extraordinary

8

circumstances necessary to excuse the untimely filing of a petition." *Cutts v. Jones*, 2009 WL 230091, at *7 (M.D. Ala. Jan. 30, 2009) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990)). *See, e.g., Malone v. Okla.*, 100 F. App'x 795, 796 (10th Cir. 2004) (where a prisoner filed habeas corpus petition more than two years after the one-year limitation period expired, the prisoner's claims of ignorance of the law, lack of law-clerk assistance, and illiteracy did not justify tolling the period). Neither the lack of legal expertise nor the unavailability of inmate helpers constitutes an extraordinary circumstance that warrants equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal expertise not enough on its own to warrant equitable tolling); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Finally, routine transfers resulting in separation from legal papers, and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary." *See Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in lockdown situation); *see also Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (finding that equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal

9

papers are not 'extraordinary circumstances'") (citing *Akins*, 204 F.3d at 1089–90); *Paulcin v. McCollum,* 259 F. App'x 211, 213 (11th Cir. 2007) (denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). Here, Jones alleges that he was separated from his legal papers for approximately four months when he was temporarily transferred to another facility. This allegation is insufficient to show an extraordinary circumstance warranting equitable tolling.

Because there is no evidence in the record showing that Jones's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence, the court finds there is no basis on which to extend the one-year deadline through equitable tolling. For the reasons set forth above, then, Jones's § 2254 petition is time-barred under 28 U.S.C. § 2244(d), and the claims therein are not subject to further review.

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 12, 2018. A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 29th day of January, 2018.

      /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE